

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2005

# Russell v. Pugh

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1301

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Russell v. Pugh" (2005). *2005 Decisions.* Paper 873.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/873

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 04-1301 and 04-2034
_____

ROBERT PETER RUSSELL,
                                            Appellant

v.

M.V. PUGH

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-01602)
District Judge: Honorable Malcolm Muir
_____

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2005

Before: ALITO, SMITH AND COWEN, <u>CIRCUIT JUDGES</u>

(Filed July 12, 2005)
_____

OPINION
_____

PER CURIAM

Appellant, Robert Russell, appeals the order of the United States District Court for

the Middle District of Pennsylvania dismissing his petition for writ of habeas corpus filed

pursuant to 28 U.S.C. § 2241, and its subsequent order denying his motion to set aside the

judgment which was filed pursuant to Fed. R. Civ. P. 60(b). We have jurisdiction to

review the final decision of the District Court pursuant to 28 U.S.C. § 1291. For essentially the reasons set forth in the Magistrate Judge's Report and Recommendation, which was adopted by the District Court, we will affirm.

Russell is serving a life sentence on his conviction for first degree murder. Russell's conviction and sentence were affirmed on direct appeal by the United States Court of Appeals for the Fourth Circuit, see United States v. Russell, 971 F.2d 1098 (4th Cir. 1992), and the United States Supreme Court denied *certiorari*. Russell subsequently filed a motion in the sentencing court for a new trial pursuant to Fed. R. Crim. P. 33 based on newly discovered evidence or, in the alternative, a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. The United States District Court for the Eastern District of Virginia denied that motion as well as appellant's subsequently-filed request for relief under Fed. R. Civ. P. 60(b). Russell's application for authorization to file a second or successive § 2255 motion fared no better, and was denied by the Fourth Circuit Court of Appeals in an order dated March 2, 2001.

Russell then filed the underlying petition pursuant to 28 U.S.C. § 2241, asserting the following claims: 1) the government denied him a fair trial by withholding exculpatory evidence; 2) he did not receive a fair trial due to a pattern of government misconduct; 3) he was denied his Sixth Amendment right to effective assistance of counsel; and 4) the continued incarceration of an innocent person constitutes cruel and unusual punishment and violates the Eighth Amendment of the United States

2

Constitution. Russell states that Claims 2 and 3 were presented to the Fourth Circuit Court of Appeals in his application for authorization to file a second or successive § 2255 motion, but that the substance of these claims was not addressed in light of the fact that an application for authorization to file a second § 2255 motion does not permit a decision on the merits of the claims raised therein. He further argues that a claim of "actual innocence" allows a petitioner to bypass the one-year statute of limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the due diligence provision for authorization to file a second or successive § 2255 motion, and to proceed with an application for a writ of habeas corpus under § 2241 *via* § 2255's savings clause. Because he now asserts a claim of "actual innocence," Russell contends that he should be permitted to proceed with a § 2241 petition challenging his conviction.

Russell's petition was referred to a Magistrate Judge who issued a Report recommending that it be dismissed. Over Russell's objections, the District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the petition. The District Court likewise denied Russell's motion for reconsideration filed pursuant to Fed. R. Civ. P. 59(e) and his motion seeking relief from judgment under Rule 60(b)(2) and (3). Russell appeals both the District Court's dismissal of his § 2241 petition (appeal docketed at C.A. No. 04-1301) and its decision denying his Rule 60(b) motion (docketed at C.A. No. 04-2034). By Order of the Clerk, the two appeals have been consolidated.

Our review of the District Court's decision to dismiss Russell's § 2241 petition is

3

plenary, see Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002), and we review the District Court's orders denying his motions filed under Rules 59(e) and 60(b) for an abuse of discretion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). We agree with the District Court that Russell has not demonstrated that § 2255 is inadequate or ineffective in the instant case.

A § 2255 motion is, of course, the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255. As the Magistrate Judge correctly concluded, § 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion under AEDPA. Id. at 120-21; Cradle, 290 F.3d at 538-39. Russell's reliance on a claim of actual innocence or an alleged Eighth Amendment violation to circumvent the gatekeeping provisions of § 2255 is unavailing, and amounts to little more than an end run around the Fourth Circuit Court of Appeals' decision denying his application for authorization to file a second § 2255 motion based on claims of newly discovered evidence, which was filed nearly two years after final resolution of the FOIA litigation that uncovered such evidence.

We agree with appellee's contention that Russell's Eighth Amendment claim is

4

merely a restatement of the substance of his § 2255 claims under a different heading. Because Russell had a reasonable opportunity to raise his claims, including his "actual innocence" claim, in a § 2255 motion before the District Court and the Fourth Circuit Court of Appeals, and because his claims are not based on an intervening interpretation of the statutory provisions under which he was convicted, he may not now seek relief through the filing of a § 2241 petition. As for any claims of newly discovered evidence which have surfaced since the denial of Russell's last application for authorization to file a second or successive motion, they should, of course, be presented to the Fourth Circuit Court of Appeals in a new application, together with his arguments that he has exercised due diligence in bringing them.

Finally, Russell's reliance on <u>Souter v. Jones</u>, 395 F.3d 577 (6th Cir. 2005), is misplaced. As noted by appellee, the Court of Appeals in <u>Souter</u> addressed the issue of whether AEDPA's one year limitations period for the filing of an initial petition under 28 U.S.C. § 2254 by a state prisoner may be tolled by the demonstration of a credible claim of "actual innocence." It did not, however, consider the issue presented in this appeal, i.e., whether § 2255 is rendered an inadequate remedy such that a petition under § 2241 may be used as a vehicle to present Russell's claims where he had a previous opportunity to raise those claims. Moreover, the <u>Souter</u> court recognized that Congress provided for an actual innocence exception in AEDPA's successive petition provisions, *albeit* perhaps a more stringent one, that would allow a movant in Russell's position to proceed with a

successive petition or § 2255 motion upon a sufficient showing. Id. at 599, citing 28 U.S.C. §§ 2244(b)(2)(B) (also referenced in § 2255). The District Court, thus, did not err in dismissing Russell's petition, nor did it abuse its discretion in denying his post-judgment motions to reconsider and vacate that order of dismissal.

For the above reasons, we will affirm the District Court's orders dismissing Russell's § 2241 petition and denying his motions filed pursuant to Rules 59(e) and 60(b). The parties' motions for summary action are therefore denied as moot. We will also deny Russell's motion seeking a return of the fees charged for docketing and filing his "amended" notice of appeal at C.A. No. 04-2034. Russell's Rule 60(b) motion was not filed within ten days of the entry of the District Court's final order. Thus, it was not one of the motions set forth in Rule 4(a)(4)(A)(vi) of the Federal Rules of Appellate Procedure for which Rule 4(a)(4)(B)(ii) permits the filing of an amended notice, and for which Rule 4(a)(4)(B)(iii) states no additional fee is required. As we have stated in no uncertain terms, an appeal from an order denying a motion for relief from a judgment under Rule 60 brings up only the correctness of the order denying that motion, not the underlying order. Torres v. Chater, 125 F.3d 166, 168 (3d Cir. 1997). Thus, Russell was obligated to file separate notices in order to appeal both the underlying order of dismissal and the District Court's subsequent order denying his Rule 60(b) motion. Accordingly, no return of the filing and docketing fees is warranted. Russell's motions for the appointment of counsel and to seal documents and/or expand the record on appeal are likewise denied.