

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-2-2006

# Russell v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2261

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Russell v. Williamson" (2006). *2006 Decisions.* Paper 374.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/374

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-338                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2261
_____

ROBERT PETER RUSSELL,
                                                    Appellant,

v.

TROY WILLIAMSON, Warden
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-02294)
District Judge: Honorable Malcolm Muir
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 21, 2006

Before: BARRY, SMITH AND NYGAARD, <u>CIRCUIT JUDGES</u>


(Filed: October 2, 2006)
_____

OPINION
_____


PER CURIAM

    Appellant Robert Peter Russell was convicted in United States District Court for

the Eastern District of Virginia of first degree murder, in violation of 18 U.S.C. § 1111, in

connection with the death of his U.S. Marine Corps officer wife. He was sentenced to life in prison. In 1992, the Court of Appeals for the Fourth Circuit affirmed in <u>United States v. Russell</u>, 971 F.2d 1098 (4th Cir. 1992), and the U.S. Supreme Court denied certiorari. Russell subsequently filed a motion in the trial court for a new trial pursuant to <u>Fed.</u> <u>R.</u> <u>Crim.</u> <u>Pro.</u> 33 based on newly discovered evidence, or, in the alternative, to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. The trial/sentencing court denied that motion. Russell then filed an application for authorization to file a second or successive section 2255 motion, which was denied by the Fourth Circuit in March 2001.

Russell, an inmate at the U.S. Penitentiary at Allenwood, next filed a petition for writ of habeas corpus in U.S. District Court for the Middle District of Pennsylvania, in which he claimed that he was actually innocent. It was denied by the District Court, and we affirmed in July 2005, holding that Russell's claim of actual innocence "amount[ed] to little more than an end run around the Fourth Circuit Court of Appeals' decision denying his application for authorization to file a second § 2255 motion based on claims of newly discovered evidence, which was filed nearly two years after final resolution of the FOIA litigation that uncovered such evidence." <u>Russell v. Pugh</u>, 143 Fed. Appx. 408, 410 (3d Cir. July 12, 2005).

Several months later, Russell filed the instant petition for writ of habeas corpus in United States District Court for the Middle District of Pennsylvania, claiming that the trial court lacked Article III jurisdiction, because his wife's body was never found within the territorial jurisdiction of the United States. The District Court dismissed the petition

2

in an order entered on January 10, 2006, and the court denied a timely motion for reconsideration in an order entered on February 15, 2006. Russell appealed, and our Clerk granted him leave to appeal in forma pauperis.

We will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). As we previously explained, a motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means for a federal prisoner to challenge the validity of his conviction or sentence, unless such a motion would be inadequate or ineffective to test the legality of the detention. Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002); 28 U.S.C. § 2255. Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive section 2255 motion. Id. at 120-21; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002). The safety valve provided under 28 U.S.C. § 2255 is narrow and is unavailable to bring a challenge to the jurisdiction of the district court, see Fed. R. Civ. Pro. 12(b)(3)(B), like Russell's, which could have been raised earlier either on direct appeal or in his first section 2255 motion. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

We will dismiss the appeal as frivolous.