

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2009

# Robert Russell v. R. Martinez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3898

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Robert Russell v. R. Martinez" (2009). *2009 Decisions.* Paper 1453.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1453

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-152                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3898
_____

ROBERT PETER RUSSELL,
Appellant

v.

R. MARTINEZ,
Warden

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-CV-00767)
District Judge:  Honorable Malcolm Muir

_____

Submitted on Motions to Reopen the Appeal Pursuant to 3rd Cir. LAR Misc.
107.2 and for Leave to Appeal In Forma Pauperis Pursuant to 28 U.S.C. § 1915, and for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 9, 2009

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: April 30, 2009)
_____

OPINION
_____

PER CURIAM

    Appellant Robert Russell filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania.

He sought thereby "to redress a defect in the integrity of the federal proceeding that victimized the Fourth Circuit Court of Appeals" in connection with a 2001 application in that court to file a second or successive § 2255 motion. Russell claimed that an Assistant United States Attorney for the Eastern District of Virginia lied to the Fourth Circuit by stating that certain exculpatory evidence had been turned over to the defense during Russell's trial, when it had not. The District Court denied the petition.[1]

Russell appealed, but then filed a motion to dismiss the appeal.[2] Russell was instructed to pay the filing fee or to move to appeal in forma pauperis ("ifp"). Russell sent this Court a letter expressing some confusion about whether he needed to move to appeal ifp when he wanted his appeal to be dismissed. Because he did not timely submit fees or an application to appeal ifp, his appeal was then procedurally terminated by our Clerk for failure to pay the appellate fees. He has submitted motions to reopen the appeal pursuant to 3rd Cir. LAR Misc. 107.2 and for leave to appeal ifp pursuant to 28 U.S.C. § 1915, which we will grant.

We will dismiss the appeal for failure to state a claim upon which relief may be granted. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall

---

[1] Russell also filed a motion for reconsideration in the District Court, which the District Court denied. Russell has not appealed that decision.

[2] It appears from the motion however, that Russell did not simply want his appeal to be "dismissed," but that he wanted this Court to remand his case to the District Court.

2

dismiss the appeal at any time if the Court determines that the appellant fails to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).

The District Court here denied Russell's habeas petition for two reasons: (1) Russell was not seeking release from custody, and thus his claim could not be brought by way of a habeas petition; and (2) the foundation for Russell's petition had not been properly developed, as he did not have an order from the Fourth Circuit indicating that it would not rule on his fraud claim.

In his motion to dismiss, Russell asks that this Court "dismiss" his appeal and remand the matter to the District Court, so that he can amend his petition. He argues that he believed once his fraud claim was adjudicated, it would be clear that the fraud caused a violation of his Due Process rights, and would thus "manifest his illegal custody." Motion at 5. He seeks a remand so that he can amend his petition to "writ[e] that nexus into his original pro se submission." Id. He also refers to an August 2008 order entered by the Fourth Circuit, which indicates that by virtue of its Local Rule 22(d), "[n]o motion or request for reconsideration, petition for rehearing, or any other paper seeking review of the granting or denial of authorization [to file a successive application for relief pursuant to 28 U.S.C. section 2254 or 2255] will be allowed," and which denies his motion to reopen. Russell argues that due to this order, his § 2241 petition is now "'mature' and ripe for review." Motion at 7.

We agree with the District Court that Russell cannot raise a claim regarding

alleged fraud against a court in a habeas petition, and, if Russell had not filed his Motion in this Court, we would have dismissed his appeal on this basis pursuant to § 1915(e)(2)(B)(ii). Russell believes he can remedy the defects in his petition if he is allowed to amend his petition in the District Court. However, no remand is necessary, because leave to amend need not be granted where that amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

If Russell were to amend his petition to make clear that the fraud claim was a means of challenging his conviction, then the District Court would have to dismiss the petition. First, a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A habeas petitioner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d at 249-51. A section 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity

4

to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Such is not the case here. Second, the fact that the Fourth Circuit has denied Russell's motion to reopen does not make his claim, whether characterized as a claim of fraud on the court, or as a claim challenging his conviction, cognizable in a § 2241 proceeding.

Because the District Court properly denied his petition, and because remand to amend his petition would be futile, we will grant the motions to reopen the appeal and for leave to appeal in forma pauperis and dismiss the appeal pursuant to § 1915(e)(2)(B)(ii).[3]

---

[3] Russell's Motion to Dismiss the Appeal is granted to the extent that we are dismissing the appeal, but denied to the extent he seeks remand to the District Court.