ALD-139                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2956
_____

ROBERT PETER RUSSELL,
                                    Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-12-cv-02484)
District Judge:  Honorable John E. Jones, III
_____

Submitted By the Clerk for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 11, 2016

Before: AMBRO, SHWARTZ  and GREENBERG, Circuit Judges

(Filed: February 18, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Robert Peter Russell appeals from the District Court's orders dismissing his habeas petition, which he filed under 28 U.S.C. § 2241, and denying his motions for reconsideration. We will affirm.

I.

Russell is a federal prisoner who, since 1991, has been serving a sentence of life imprisonment for the first-degree murder of his wife. The sentence was imposed by the United States District Court for the Eastern District of Virginia, and his conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit. See United States v. Russell, 971 F.2d 1098 (4th Cir. 1992). Authorities have not recovered the body of Russell's wife or the murder weapon, but the evidence against him nevertheless was substantial. See id. at 1101-04 & nn.1-14.

Russell has since filed over 35 motions, petitions and civil actions in various courts seeking relief from his conviction, including motions under 28 U.S.C. § 2255 in his sentencing court and applications with the Fourth Circuit under 28 U.S.C. §§ 2244 and 2255 to file additional § 2255 motions. Since being confined within this Circuit, he also has filed at least three habeas petitions under § 2241. See Russell v. Martinez, 325 F. App'x 45 (3d Cir. 2009); Russell v. Williamson, 198 F. App'x 164 (3d Cir. 2006); Russell v. Pugh, 143 F. App'x 408 (3d Cir. 2005).

In the first of those petitions, Russell claimed that he had newly discovered

2

evidence of his innocence that he presented to the Fourth Circuit in a § 2244 application[1] but that the Fourth Circuit denied it without considering the merits.  Russell, 143 F. App'x at 409.  Russell further argued that the Fourth Circuit's failure to consider the merits rendered his § 2255 remedy "inadequate or ineffective," 28 U.S.C. § 2255(e), and permitted him to assert his claim of innocence in a § 2241 petition under the theory that we recognized in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).[2]

We affirmed the District Court's dismissal of the petition.  We explained that "§ 2255 is not inadequate or ineffective merely because . . . a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion[.]"  Russell, 143 F. App'x at 410 (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).  We further observed that Russell's petition "amounts to little more than an end run around the Fourth Circuit Court of Appeals' decision denying his

---

[1] The ability to file a second or successive § 2255 motion under certain circumstances is part of the § 2255 remedy, see 28 U.S.C. § 2255(h), but the procedural mechanism for seeking leave to do so is set forth in § 2244(b).  We will refer to applications for leave to file a successive § 2255 motion as § 2244 applications.

[2] In Dorsainvil, we held that federal prisoners generally may collaterally challenge their sentences only under § 2255 but that the prisoner in that case, under the "safety valve" of § 2255(e), could resort to § 2241 because his § 2255 remedy was inadequate or ineffective.  See Dorsainvil, 119 F.3d at 249-51.  We did so because the prisoner had no prior opportunity to raise a non-constitutional Supreme Court decision that potentially decriminalized his conduct of conviction and because § 2255 does not provide a mechanism for raising non-constitutional decisions in a second § 2255 motion.  See id. at 251.

application for authorization to file a second § 2255 motion based on claims of newly discovered evidence[.]" Id.

This appeal presents a virtually identical situation. As before, Russell filed a § 2241 petition arguing that he had discovered exculpatory evidence that the prosecution withheld from him at trial and that he claims demonstrates his innocence.[3] He further argued that he presented this evidence in a § 2244 application to the Fourth Circuit but that the Fourth Circuit refused to docket and consider his application because he could not file all of the documents required by Fourth Circuit Local Rule 22(d) (which is substantially similar to our Local Rule 22.5). Thus, he argued, the Fourth Circuit violated his constitutional rights and Fed. R. App. P. 25(a)(4) by refusing to docket and consider his application and thereby erected a barrier to consideration of his claims that renders the § 2255 remedy inadequate and ineffective and permits resort to § 2241.

After Russell filed his § 2241 petition, the District Court appointed counsel and counsel filed a supporting reply. A Magistrate Judge recommended dismissing Russell's

---

[3] This time, Russell's purportedly new evidence relates to the testimony of the victim's sister that she last spoke with the victim on March 3, 1989, the day before the murder. Russell relies on an investigative report stating that the victim's sister told an investigator that she last spoke with the victim on March 4, 1989. He also relies on two one-page handwritten notes, which are identical except that one of them states that the sister's victim spoke with the victim on March 4, 1989, and the other states that the victim's sister spoke with the victim on March 4, 1990. (ECF No. 2-1 at 40-42.) Russell argues that the statements show that the victim's sister spoke with the victim "either one day or one year" after the alleged murder and thus show that the victim was still alive. The Government submitted to the District Court a declaration detailing Russell's previous submission of various versions of these documents to his sentencing court and the Fourth

4

petition with prejudice, largely for the reasons we explained in his previous appeals. The District Court, however, took a different approach. The District Court appears to have assumed that, if the Fourth Circuit had indeed refused to consider Russell's new claim of innocence on the merits, then resort to § 2241 might be appropriate. The District Court, however, was unable to tell from the available record whether the Fourth Circuit denied Russell's § 2244 application for non-compliance with its local rule or on the merits. Thus, the District Court dismissed Russell's petition without prejudice to his ability to refile his § 2244 application with the Fourth Circuit (now that he could do so properly through counsel) and then refile a § 2241 petition if the Fourth Circuit again denied it.

Russell filed a motion for reconsideration in which he argued, inter alia, that it was procedurally impossible for him to refile or seek reconsideration of his § 2244 application in the Fourth Circuit. The District Court conditionally granted the motion to the limited extent of conducting further proceedings regarding whether the Fourth Circuit had denied Russell's § 2244 application on the merits. During those further proceedings, the Government introduced evidence that Russell had in fact submitted a complete § 2244 application to the Fourth Circuit following that court's initial rejection of his application and that the Fourth Circuit then considered and denied it on the merits. After hearing oral argument on the issue, the District Court agreed.

Thus, by order entered June 16, 2015, the District Court concluded that Russell

Circuit. (ECF No. 43-2 at 39-43.) Russell has not acknowledged or sought to rebut that declaration. We nevertheless express no opinion on that issue in light of our disposition.

5

could not proceed with his § 2241 petition and declined to reconsider its previous dismissal of that petition. Russell appeals through counsel. He also filed a second motion for reconsideration, which the District Court denied, and he appeals from that ruling as well.[4]

II.

On appeal, Russell takes issue with the District Court's reliance on certain evidence to conclude that the Fourth Circuit denied his § 2244 application on the merits. He also argues that the Fourth Circuit could not have fully considered his new claims on the merits because consideration of those claims requires consideration of the entire trial record, which was not before the court. We agree with the District Court that the Fourth Circuit denied Russell's § 2244 application on the merits. We need not address Russell's arguments to the contrary because, regardless of whether the Fourth Circuit denied Russell's § 2244 application on the merits, his § 2241 petition was subject to dismissal for the reasons explained by the Magistrate Judge and in our prior decisions.

---

[4] In its June 16 order, the District Court denied Russell's initial motion for reconsideration and wrote that, although it declined to reopen the matter, it would "clarify the reasons supporting [its previous] dismissal of this matter without prejudice." (ECF No. 47 at 1.) The District Court, however, conclusively determined that Russell cannot proceed with his § 2241 petition. Thus, the practical effect of the District Court's ruling on Russell's first motion for reconsideration was to dismiss Russell's § 2241 petition with prejudice. Russell's second motion for reconsideration was not an improper motion for "re-reconsideration" because the District Court's ruling on his first motion for reconsideration changed the basis for, and thus the nature of, its initial ruling. The District Court also denied a certificate of appealability, but federal prisoners do not require a certificate of appealability to appeal the denial of a § 2241 petition. See Burkey

To restate them somewhat, a federal prisoner may challenge his or her sentence under § 2241 only when "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e) (emphasis added). The § 2255 remedy is inadequate or ineffective only when some "limitation of scope or procedure" precludes consideration of a claim. Okereke, 307 F.3d at 120. Russell's arguments addressed to the Fourth Circuit's handling of his § 2244 application—even if true— would not show that the § 2255 remedy itself is inadequate or ineffective. Instead, they merely concern the reasons the Fourth Circuit declined to grant him that remedy. The Fourth Circuit's ruling does not render the remedy itself inadequate or ineffective. Cf. In re Dorsainvil, 119 F.3d at 251 (collecting cases for the proposition that denial of relief by a sentencing court and a refusal to permit an in forma pauperis appeal do not render the § 2255 remedy inadequate or ineffective). Thus, as we previously explained, Russell's § 2241 petition "amounts to little more than an end run around the Fourth Circuit Court of Appeals' decision." Russell, 143 F. App'x at 410. We declined to sanction Russell's previous attempts in this regard, and we decline to sanction this one as well.

Russell also argues that claims of actual innocence must always be heard under § 2241 when they cannot be brought under § 2255. Russell is mistaken. Section 2255 expressly contemplates Russell's situation by permitting a petitioner who believes that he has new evidence establishing his innocence to apply for authorization to pursue a

_____

v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We thus have jurisdiction under 28 U.S.C. § 1291.

7

successive § 2255 motion on that basis. <u>See</u> 28 U.S.C. § 2255(h)(1). Thus, unlike in <u>Dorsainvil</u>, § 2255 provides a mechanism for raising the very kind of claim that Russell asserts. It is true, as Russell argued below, that <u>Dorsainvil</u> did not address a claim of factual innocence and did not hold that the situation addressed therein constitutes the <u>only</u> situation in which the safety valve of § 2255(e) permits a prisoner to resort to § 2241. Whatever the precise limits of the safety valve, however, it does not permit resort to § 2241 in order to assert a claim that is squarely within the purview of § 2255. <u>See</u> <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).

III.

For these reasons, we will affirm the judgment of the District Court. We reiterate that we construe the District Court's dismissal of Russell's § 2241 petition as a dismissal with prejudice, and we affirm its rulings on that basis.