BLD-175                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3639
_____

ROBERT P. RUSSELL,
                                        Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 16-cv-02149)
District Judge: John E. Jones, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 2, 2019
Before:  AMBRO, KRAUSE and PORTER, Circuit Judges

(Opinion filed:  May 10, 2019)
_____

OPINION*
_____

PER CURIAM

        Robert P. Russell appeals from an order of the District Court denying his petition

for writ of habeas corpus, 28 U.S.C. § 2241.  For the reasons that follow, we will

summarily affirm.

        Russell was convicted in 1991 in the United States District Court for the Eastern

District of Virginia of first degree murder, in violation of 18 U.S.C. § 1111, and

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

sentenced to life imprisonment. The criminal judgment was affirmed on direct appeal by the United States Court of Appeals for the Fourth Circuit, see United States v. Russell, 971 F.2d 1098 (4th Cir. 1992). The United States Supreme Court subsequently denied certiorari, see United States v. Russell, 506 U.S. 1066 (1993). "Russell has since filed over 35 motions, petitions and civil actions in various courts seeking relief from his conviction, including motions under 28 U.S.C. § 2255 in his sentencing court and applications with the Fourth Circuit under 28 U.S.C. §§ 2244 and 2255 to file additional § 2255 motions." Russell v. Allenwood, 639 F. App'x 891, 892 (3d Cir. 2016). He has also filed four habeas corpus petitions under § 2241 in this circuit. Id. (citing, in addition, Russell v. Martinez, 325 F. App'x 45 (3d Cir. 2009); Russell v. Williamson, 198 F. App'x. 164 (3d Cir. 2006); and Russell v. Pugh, 143 F. App'x. 408 (3d Cir. 2005)).

On October 25, 2016, Russell filed his fifth petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania, challenging his murder conviction. Russell claimed to have "new and reliable evidence" that was not previously discovered by his trial counsel due to his ineffective representation. This new evidence, Russell contended, shows that no crime was committed. Moreover, he argues, the circumstances of his case make a motion under 28 U.S.C. § 2255 "inadequate or ineffective." The Government answered the amended § 2241 petition, arguing that the District Court lacked jurisdiction to consider it. The Magistrate Judge filed a Report and Recommendation, agreeing with the Government. In an order entered on August 6, 2016, the District Court adopted the Magistrate Judge's

constitute binding precedent.

report and dismissed Russell's § 2241 petition for lack of jurisdiction. In an order entered on October 10, 2018, the District Court denied Russell's timely filed motion for reconsideration.[1]

Russell appeals. We have jurisdiction under 28 U.S.C. § 1291.[2] Our Clerk advised the parties that we might act summarily to dispose of the appeal under Third Cir. LAR 27.4 and I.O.P. 10.6. Russell has filed a motion for summary reversal.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6, "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255(e) of title 28, also known as the "savings clause," provides, however, that an application for a writ of habeas corpus may proceed if "it ... appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). In In re: Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), we held that the District Court had jurisdiction to hear a federal prisoner's claim under § 2241 even though he did not meet the gatekeeping requirements of § 2255(h), where an intervening U.S. Supreme Court case rendered the conduct of which he was convicted no longer criminal and where he did not have an earlier opportunity to

---

[1] Russell filed a second motion for reconsideration, which the District Court treated as a motion for clarification and granted to the extent that the Court's order was amended to read that the § 2241 petition was dismissed without prejudice to Russell's right to seek leave to file a second or successive § 2255 petition with the appropriate court of appeals.

[2] A certificate of appealability is not required to appeal from the denial of a § 2241

3

present his claim. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

Russell may not resort to the § 2241 remedy. He raises a claim that can be brought in a second or successive § 2255 motion, provided that he meets the requirements under § 2255(h) for doing so. Russell claims that he has newly discovered evidence of his innocence, but Congress has provided a remedy for presenting such a claim; a petitioner may bring a second or successive § 2255 motion if the appropriate court of appeals certifies that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). The fact that the Fourth Circuit Court of Appeals has already denied Russell's motion to file a second or successive § 2255 motion based on newly discovered evidence does not mean that § 2255 is inadequate or ineffective. See Cradle, 290 F.3d at 539. Russell's contentions in his motion for summary reversal are meritless for the reasons we have already provided in Russell v.

_____

petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

4

<u>Allenwood</u>, 639 F. App'x at 893-94.  Accordingly, the District Court lacked jurisdiction over Russell's § 2241 petition and properly denied his motion for reconsideration.[3]

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Russell's § 2241 petition for lack of jurisdiction.  Appellant's motion for summary reversal is denied.

---

[3] We note that the Magistrate Judge considered whether the instant § 2241 petition was an abuse of the writ.  Accordingly, Russell is now on notice that any future § 2241 petitions raising the same claims may be subject to dismissal as an abuse of the writ.